THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH JOHN CATARASO, Appellant.— In a *coram nobis* proceeding to vacate a judgment of the Supreme Court, Queens County, rendered January 29, 1965, convicting defendant of attempted burglary in the third degree, upon his plea of guilty, and sentencing him to a prison term of 2½ to 5 years, the appeal is from an order of said court dated October 16, 1967, which denied the application without a hearing. Order reversed, on the law, and proceeding remitted to the Criminal Term for a hearing and determination on the issue whether defendant was, as he asserts, induced to plead guilty and to co-operate with the authorities by a promise of a suspended sentence made to him by two detectives, who said they were speaking in behalf of the District Attorney and appeared to have been authorized to do so. Defendant claims that, in reliance upon the promise upon a visit by the two detectives which had been arranged by his attorney and a named Assistant District Attorney, and at the grave risk of harm to his person and his family, he (defendant) gave his full co-operation in the investigation of a murder; that he has tried to obtain the names of the detectives from his attorney, who replied that he did not know the names, and from the prison authorities, who refused his request; that the officers told him not to mention the promise in open court when he would appear for sentence; that the court was not informed of the promise and his co-operation; and that as a result he was sentenced as above stated. He submitted a letter from his attorney in confirmation of the above-stated visit. His claim that he tried to obtain the names of the detectives is supported by said attorney's letter and a written refusal by the prison authorities. In opposition, the People submitted an affidavit by the prosecutor in which he denied that *he* had made any such promise. However, no such affidavits by the detectives concerned were furnished; nor any explanation for the failure to do so. In our opinion, on all the facts presented in this record, a hearing is required. Christ, P. J., Munder, Martuscello, Latham and Kleinfeld, JJ., concur.